IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **SHEALYN VASTINE** § § *Plaintiff,* § § v. § § **TEXAS DEPARTMENT OF CRIMINAL** § **JUSTICE, ELLEN HALBERT SUBSTANCE** § **ABUSE FELONY PUNISHMENT** § **FACILITY, GATEWAY FOUNDATION-** § **TEXAS, JOHN BECERRA, SHANNON** § **HUGGINS, BETH MORRIS, and BRYAN** § **COLLIER.** § *Defendants.* § | Civil Action No. 1:17-cv-953 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, PLAINTIFF, **Shealyn Vastine** (hereinafter referred to as "Plaintiff") complaining of Defendants, **Texas Department of Criminal Justice, Ellen Halbert Substance Abuse Felony Punishment Facility, Gateway Foundation – Texas**, **John A. Becerra, Shannon Huggins, Beth Morris, and Bryan Collier,** (collectively "Defendants") and would respectfully show the Court the following:

**1.0   PARTIES**

1.1   Plaintiff, SHEALYN VASTINE ("Plaintiff" herein), is a citizen of the United States, a resident of Bosque County, Texas.

1.2   Defendant, TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("TDCJ" herein), is a department of the government of the State of Texas. This Defendant may be served with process through its Executive Director, Bryan Collier, at 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, Texas 78701 or any other place where he may be found.

**1.3**  Defendant, ELLEN HALBERT SUBSTANCE ABUSE FELONY PUNISHMENT FACILITY ("SAFPF" herein), is a state agency with its principal place of business at 800 Halbert Drive, Burnet, Texas 78611. This Defendant may be served with process upon Senior Warden, Jennifer Cozby, at this address or any other place where she may be found.

**1.4**  Defendant, GATEWAY FOUNDATION-TEXAS ("GATEWAY" herein), is a Domestic Nonprofit Corporation with its principal place of business at 5821 Southwest Frwy, Ste. 608, Houston, Texas 77057. This Defendant may be served with process through its registered agent, CT Corporation System at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

**1.5**  Defendant, JOHN BECERRA ("BECERRA" herein), is a natural person who currently resides at 6112 Highfield Park, Denton, Texas 76210. BECERRA was an employee and/or agent of SAFPF. BECERRA is being sued in both his individual capacity and official capacity as an employee of SAFPF. This Defendant may be served at this address or any other place where he may be found.

**1.6**  Defendant SHANNON HUGGINS ("HUGGINS" herein) is a resident of Lampasas County, and he is the former Director of GATEWAY. HUGGINS is being sued in both his individual capacity and official capacity as an employee of GATEWAY. This Defendant may be served at 207 W. 2nd Street, Lampasas, Texas 76550 or any other place where he may be found.

**1.7**  Defendant, BETH MORRIS ("MORRIS" herein), is a resident of Dallas County, and she is the former Senior Warden for SAFPF. MORRIS is being sued in both her individual capacity and official capacity as an employee of SAFPF. This Defendant may be served at

her place of employment, Texas Department of Criminal Justice, Price Daniel Unit, 938 South FM 1673, Snyder, Texas 79549 or any other place where she may be found.

1.8  Defendant, BRYAN COLLIER ("COLLIER" herein), is a resident of Walker County, and he is the current Executive Director of the TDCJ. As executive director, he is responsible pursuant to Texas Statutes, for the general supervision and operation of the TDCJ, including oversight of the day-to-day operation of state prison facilities, including SAFPF and is responsible for ensuring that people incarcerated in TDCJ facilities are protected from sexual assault and other violence. As a Director, he is also responsible for ensuring that employees of those facilities adhere to federal and state law, as well as official TDCJ policy. COLLIER is being sued in both his individual capacity and his official capacity as an employee of the TDCJ. He may be served with process at 209 West 14th Street, 5th Floor, Price Building, Austin, Texas 78701 or any other place where he may be found.

1.9  At all relevant times, Defendants, BECERRA, HUGGINS, MORRIS, and COLLIER acted under color of state law.

1.10  In addition, the Defendants' conduct, actions, and/or inactions were the moving force, directly caused, proximately caused, and/or were a substantial factor in causing the injuries and substantial mental damage of Plaintiff, as set forth more fully below.

## 2.0   JURISDICTION AND VENUE

2.1  Plaintiff brings this action seeking preliminary and permanent injunctive relief, declaratory relief, and damages pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state of law rights secured by the United States Constitution.

2.2  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

**2.3**   This Court has supplemental jurisdiction over all other claim asserted under the laws of the State of Texas, pursuant to 28 U.S.C. § 1367 (a).

**2.4**   Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1) because a substantial part of the relevant events occurred within the district, and pursuant to 28 U.S.C. § 1391 (b) (2) because, upon information and belief, one or more defendants reside in and have offices in this district and all defendants are residents of Texas.

### 3.0   DUTY AND APPLICABLE LAW

**3.1**   Plaintiff was subjected to non-consensual sexual assaults by BECCERA, acting under color of state authority, in violation of the rights guaranteed to her by the Fourteenth Amendment of the United States Constitution.

**3.2**   Plaintiff commences this action pursuant to 42 U.S.C. §1983, which provides, in relevant part, for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States, and 42 U.S.C. § 13981, as well as related state law and common law provisions as discussed below.

**3.3**   Defendants TDCJ, SAFPF, and GATEWAY, through policies, pattern and practice, acted under color of law and is liable under 42 U.S.C. §1983.

**3.4**   Defendants BECERRA, HUGGINS, MORRIS, and COLLIER were acting under color of law and as individuals and are liable under 42 U.S.C. §1983.

### 4.0   FACTUAL BACKGROUND

**4.1**   On October 6th and 7th of 2015, Plaintiff is an inmate at the SAFPF when the incidents set forth more fully below take place.

4.2  On those same dates, Defendant, BECERRA is a licensed counselor employed by GATEWAY. BECERRA counseled inmates at the SAFPF.

4.3  By way of background, Defendant TDCJ, by and through its Executive Director, COLLIER, oversees the policies and procedures to which each facility under their department, including GATEWAY, are required to adhere.

4.4  At all relevant times, Defendant MORRIS is the Senior Warden at the SAFPF and Defendant HUGGINS is the director of GATEWAY when Plaintiff is assaulted.

4.5  Prior to October 6th, another inmate, RANDA RILEY, makes complaints about sexually inappropriate conduct by BECERRA. At that time, counselors inform RILEY that they were aware of other victims. BECERRA is not removed.

4.6  On or about October 6, 2015, BECERRA singles Plaintiff out of the group, telling her that he wants to discuss her treatment work. BECERRA is not Plaintiff's regularly assigned counselor.

4.7  Even though BECERRA isn't Plaintiff's specifically assigned counselor, she follows his commands/instructions and directions as an authority at the facility. Accordingly, she follows BECERRA into his office.

4.8  BECERRA searches his computer for Plaintiff's personal treatment files. He then asks her why she is having trouble and continuously getting written up.

4.9  While BECERRA is probing Plaintiff for her personal information, he tells her that "she is beautiful," while rubbing her leg. He also tells her that he wants to help her with the treatment program.

4.10  BECERRA hands Plaintiff Step Works Treatment Packet, and tells her to study the packet so that they can discuss it the next day.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                       5

**4.11**  As PLAINTIFF tries to leave BECERRA's office, he kisses her.  She does not consent.

**4.12**  On October 7, 2015, BECERRA calls Plaintiff out again from the group and begins to talk with her, knowing that he is neither her assigned counselor nor actually helping with her treatment.  BECERRA offers Plaintiff banana pudding, and begins rubbing on her body.  He continues to talk to her while rubbing on her without consent.

**4.13**  BECERRA instructs Plaintiff to pretend she is filing papers for him in his office. He comes up behind her and slides his hand into her pants.  BECERRA begins to digitally penetrate the terrified Plaintiff without her consent.  Afraid of someone seeing what is going on, Plaintiff takes papers from the desk and rushes out of the office.

**4.14**  Plaintiff reports these incidents in a written statement to the TDCJ.

**4.15**  After the report is made, an investigation finally commences on BECERRA.  It is determined that PLAINTIFF is not BECERRA's only victim.

**4.16**  Defendant GATEWAY, SAFPA, TDCJ, knew, should have known, and had a duty to know of Defendant BECERRA's reputation for sexual aggression toward helpless women.

**4.17**  Plaintiff suffers serious personal and emotional injuries as a result of BECERRA's conduct.

## 5.0   CAUSES OF ACTION

### COUNT I: 42 USC §1983 VIOLATIONS OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

**5.1**  Plaintiff restates and incorporates herein the facts set forth in the preceding paragraphs as if set forth fully herein.  Plaintiff complains that her civil rights were violated under color of state law and brings this claim pursuant to 42 U.S.C. §1983.

**5.2**  In this regard, the Plaintiff would state that while she was in the custody and control of the Defendants, the Defendants, jointly and severally, had the obligation to provide for the

safety and welfare of the inmates, including Plaintiff. Defendants had the obligation to keep the Plaintiff free from being sexually assaulted.

**5.3** Defendant BECERRA while acting under the color of state law and while following the polices and procedures of the TDCJ and SAFPF, lured Plaintiff from her safe environment so that he could sexually assault her, and did so with the knowledge that such assault would be in violation of Plaintiff's constitutional rights. Defendants TDCJ, SAFPF, HUGGINS, MORRIS, and COLLIER had actual and/or constructive knowledge of other sexual assaults by Defendant BECERRA through the numerous reports filed against him, yet despite this knowledge they failed to remove him from the facility and access to these vulnerable victims.  Thus, they had a conscious disregard to the rights and welfare of these residents. Further, they understood that the sexual assault of an inmate would be a violation of that inmate's constitutional right.

**5.4** The actions of Defendant BECERRA in sexually assaulting the Plaintiff, an SAFPF inmate, shows the conscious disregard for her rights, safety and welfare.

**5.5** Defendants TDCJ, SAFPF, HUGGINS, MORRIS, and COLLIER has objective and subjective knowledge of the frequency of sexual assaults in these facilities.  Defendants had actual knowledge of sexual assaults between BECERRA and other inmates in the weeks and months prior to this incident and yet no actions were taken to safeguard the Plaintiff and other women from BECERRA.

**5.6** Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff had a constitutional right to be free from sexual assault while being detained at the SAFPF.

5.7   As a direct and proximate cause of the actions complained of herein and the violation of Plaintiff's rights, Plaintiff has suffered damages as described herein for which she brings suit.

## COUNT II: 42 U.S.C. §1983 – FAILURE TO TRAIN OR SUPERVISE

### (*Against Defendant SAFPF and TDCJ*)

5.8   Plaintiff restates and incorporates herein the facts set forth in the preceding paragraphs as if set forth fully herein.

5.9   At all times relevant to the incidents described above, Defendant SAFPF, including its jailors, staff, and warden, were acting under the color of laws and regulations of the State of Texas and Burnet County, and within the scope of their employment with Defendant TDCJ.

5.10  The constitutional violations in this case were the direct result of inadequate supervision and training of SAFPF and TDCJ employees.

5.11  As a private prison corporation, contracted to facilitate and manage the incarceration of inmates in Burnet County, Texas and in locations throughout the United States, SAFPF has the actual or constructive knowledge of Texas and national jail policies and standards. Yet, Defendant SAFPF failed to provide the adequate supervision and training to the employees working at SAFPF, including but not limited to GATEWAY employees. Both SAFPF and TDCJ failed to provide training and supervision to its employees that in reasonable probability, would have prevented the Plaintiff and others from being sexually assaulted.

5.12  The above-described failure to train and supervise Defendant SAFPF's and TDCJ's employees was a direct cause, and moving force, of the constitutional deprivations suffered by Plaintiff, which led to her sexual assault, as well as those of other victims.

**5.13** As a direct result of these acts, Plaintiff has suffered severe mental and/or emotional injuries and has been deprived of her constitutional, rights, all to her damage.

### COUNT III: 42 U.S.C. §1983 – FAILURE TO TRAIN OR SUPERVISE

(*Against Defendant GATEWAY and HUGGINS*)

**5.14** Plaintiff restates and incorporates herein the facts set forth in the preceding paragraphs as if set forth fully herein.

**5.15** At the time of the incidents described above, Defendant BECERRA was acting under the color of laws and regulations of the State of Texas, SAFPF, and TDCJ and within the scope of his employment with GATEWAY.

**5.16** During all relevant times, GATEWAY was the final policymaker regarding the conduct of its counselors and employees and had actual or constructive knowledge of the inadequate supervision and training that, in reasonable probability, caused the incidents that forms the basis of this lawsuit. Additionally, the constitutional violations in this case were the direct result of inadequate supervision and inadequate training of Defendant BECERRA, a licensed counselor. Defendant HUGGINS was the director of GATEWAY at the time of the incidents, and as such, had actual or constructive knowledge of Defendant BECERRA's assignments with the inmates. As the director of GATEWAY, HUGGINS knew or should have known of BECERRA's tendencies as such numerous reports were made regarding sexual assaults to inmates. Defendant HUGGINS purposefully or recklessly ignored Defendant BECERRA's pattern of sexual assault with other inmates for months and entirely failed to provide the adequate supervision or training that, in reasonable probability, would have prevented the Plaintiff from being sexually assaulted.

**5.17** The above-described failure to train and supervise Defendant BECERRA was a direct cause, and moving force, of the constitutional deprivations suffered by Plaintiff, which led to her sexual assault.

**5.18** As a direct result of these acts, Plaintiff has suffered severe mental and/or emotional injuries and has been deprived of her constitutional, rights, all to her damage.

## COUNT IV: STATE LAW CLAIM – VICARIOUS LIABILITY/RESPONDEAT SUPERIOR/AGENCY

**5.19** Plaintiff restates and incorporates herein the facts set forth in the preceding paragraphs as if set forth fully herein.

**5.20** At all times material, hereto, Defendants, TDCJ, SAFPF, and GATEWAY held out to the public that they had competent and qualified personnel to treat inmates.

**5.21** At all times material hereto, Defendants are vicariously liable for the negligent conduct of its agents, servants, and/or employees, including BECERRA, HUGGINS, MORRIS and COLLIER, under the doctrine of *respondeat superior.*

**5.22** At all times material hereto, BECERRA, HUGGINS, MORRIS and COLLIER, were employees or apparent or ostensible agents of Defendants TDCJ, SAFPF, and GATEWAY, and was acting within the course and scope of his employment and/or supervision of SHEALYN.

## COUNT V: STATE LAW CLAIM – NEGLIGENCE
### *(Against Defendants TDCJ, SAFPF, and GATEWAY)*

**5.23** Plaintiff restates and incorporates herein the facts set forth in the preceding paragraphs as if set forth fully herein.

5.24   At all times material hereto, the acts and omissions of the respective agents, servants and employees, acting in the course and scope of their employment with Defendants TDCJ, SAFPF, and GATEWAY, constitute negligence in that they failed to use that degree of care that a person of ordinary care and prudence would have used under the same or similar circumstances in the care, treatment, and supervision of Plaintiff. This failure was a direct and proximate cause of the severe and permanent injuries and damages sustained by Plaintiff.

5.25   TDCJ, SAFPF, and GATEWAY had a direct corporate duty to Plaintiff to use reasonable care in formulating and enforcing policies and procedures, rules, and/or by laws by which its personnel were to be governed. These entities had a direct corporate responsibility to use that degree of care that professional associations and state or governmental agencies would use under the same or similar circumstances.

5.26   At all times material to this action, Defendant BECERRA, HUGGINS, MORRIS and COLLIER, held themselves out to the public in general, and to Plaintiff in particular, as qualified to provide adequate care, treatment and supervision.

### COUNT VI: STATE LAW CLAIM – NEGLIGENCE

### (*Against Defendant Collier*)

5.27   Plaintiff restates and incorporates herein the facts set forth in the preceding paragraphs as if set forth fully herein.

5.28   Executive Director of TDCJ, COLLIER, had a duty to reasonably protect the safety of TDCJ inmates, including Plaintiff. He is responsible for conduct, training and supervision as the commanding officer of all TDCJ correctional officer guards and employees.

5.29   COLLIER's failure to ensure proper training, monitoring and/or supervision was a direct and proximate cause of the severe injuries and damages sustained by Plaintiff.

## COUNT VII: STATE LAW CLAIM – NEGLIGENCE

*(Against Defendants HUGGINS and MORRIS)*

5.30   Plaintiff restates and incorporates herein the facts set forth in the preceding paragraphs as if set forth fully herein.

5.31   In the course of transactions between Plaintiff and Defendants HUGGINS and MORRIS, such Defendants owed Plaintiff a duty to exercise that degree of skill ordinarily employed under similar circumstances. Said Defendants owed Plaintiff a legal duty to provide proper care and protection, and in the exercise of that duty, the said Defendants were required to provide such reasonable care as Plaintiff's condition required. This includes the duty to act with diligence in guarding against the foreseeable consequences of injury to Plaintiff by Defendant BECERRA. Sexual exploitation of female inmates would foreseeably cause patient injury and is a breach of care to exercise that degree of skill ordinarily employed under similar circumstances.

5.32   HUGGINS' and MORRIS' failure to provide proper care and protection was direct and proximate cause of the severe injuries and damages sustained by Plaintiff.

## COUNT VIII: STATE LAW CLAIM – SEXUAL EXPLOITATION BY A MENTAL HEALTH PROVIDER

5.33   Plaintiff restates and incorporates herein the facts set forth in the preceding paragraphs as if set forth fully herein.

5.34 Defendant BECERRA is a licensed mental health services provider of mental health services as defined by the TEX. CIV. PRAC. & REM. CODE, § 81.001 (1). Plaintiff was an inmate of SAFPF, who sought help for mental health from Defendant BECERRA.

5.35 Pursuant to the TEX. CIV. PRAC. & REM. CODE, §81.002, Defendant BECERRA is liable to Plaintiff for damages resulting from sexual exploitation. Plaintiff suffered physical, mental and emotional injury caused by, resulting from or arising out of:

    5.35.1 Nonconsensual sexual contact between the Plaintiff and Defendant BECERRA;

    5.35.2 Sexual exploitation of the Plaintiff by Defendant BECERRA; and

    5.35.3 Therapeutic deception of the Plaintiff by Defendant BECERRA.

5.36 Defendant BECERRA is liable for actual damages and damages for mental anguish.

## COUNT IX: STATE LAW CLAIM – SEXUAL ASSAULT

5.37 Plaintiff restates and incorporates herein the facts set forth in the preceding paragraphs as if set forth fully herein.

5.38 Defendant BECERRA is a mental health provider (counselor) who knowingly or intentionally caused Plaintiff to submit or participate in sexual contact by causing the sexual organ of Plaintiff, without Plaintiff's consent, to contact the fingers of Defendant BECERRA, with the purpose of sexually gratifying BECERRA without the Plaintiff's consent. Defendant BECERRA's said actions were the cause of the injuries sustained by Plaintiff.

## 6.0 DAMAGES

6.1 As a direct and proximate result of the Defendants' conduct Plaintiff suffered the following damages:

  **6.1.1** Physical pain in the past;

  **6.1.2** Past suffering of humiliation, emotional distress and mental anguish;

  **6.1.3** Future suffering of humiliation, emotional distress and mental anguish;

  **6.1.4** Medical expenses in the future; and

  **6.1.5** Loss of earning capacity in the future.

**6.2** Plaintiff suffered an indivisible injury as a result of Defendants' conduct on October 6, 2015 and October 7, 2015. The acts of Defendants combined to cause an indivisible injury to Plaintiff. Defendants are jointly and severally liable for this injury.

**6.3** Plaintiff, Shealyn Vastine, seeks all damages to which she is entitled at law for personal, emotional, physical, and economic injuries sustained as a result of the Defendants' joint and several acts and omissions, as well as those personal, emotional, physical, and economic damages which she will continue to sustain in the future as a result of the occurrence in question. Plaintiff has suffered severe physical and mental pain and suffering. Plaintiff will, in all reasonable medical probability, incur reasonable and necessary medical and counseling expenses in the future as a direct result of the assault and deprivation of rights. These damages are in excess of the minimal jurisdictional limits of this Court.

## 7.0 JURY DEMAND

**7.1** Plaintiff respectfully demands a trial by jury.

## 8.0 ATTORNEY'S FEES

**8.1** The Plaintiff has been required to retain the services of attorneys to represent her in this complex and difficult proceeding and cause of action. The Plaintiff has retained the undersigned attorneys to represent her, and pursuant to 42 U.S.C. §1988 (b) of the Federal

Civil Rights Act, he is entitled to recover for his reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to the Court, and in the Supreme Court of the United States, if necessary.

### 9.0  PRAYER

9.1   For these reasons, Plaintiff asks for judgment against all Defendants for the following:

   9.1.1   Trial by jury on all issues triable to a jury;

   9.1.2   Judgment against Defendants, jointly and severally, on behalf of the Plaintiff for actual damages pursuant to 42 U.S.C. §1983;

   9.1.3   Statutory and reasonable attorney fees pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, pre-judgment interest, post-judgment interest, and all of their costs herein expended; and

   9.1.4   Any and all additional relief to which the Plaintiff may appear to be entitled. Filed this 5th day of October, 2017.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
Telephone:  (512) 346-5688
Facsimile:  (512) 719-4362

By:   /s/ L. Todd Kelly
      **L. Todd Kelly**
      Texas Bar No. 24035049
      tkellyefile@carlsonattorneys.com
      **Terria M. Hutchinson**
      Texas Bar No. 24078708
      thutchinson@carlsonattorneys.com
      **ATTORNEYS FOR PLAINTIFFS**